IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEREK MINTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-cv-1016-MJR |
| | ) |
| SEARS HOLDING COMPANY, | ) |
| doing business as "Sears," | ) |
| | ) |
|     Defendant. | ) |

MEMORANDUM and ORDER

REAGAN, District Judge:

In December 2006, Derek Minton filed suit in this District Court against his former employer, Sears Holding Company. In his February 2007 amended complaint, Minton alleged that Sears wrongfully discharged him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). On March 6, 2007, Sears moved to dismiss this case based on improper venue or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Missouri. The motion is fully briefed and, for the reasons stated below, the Court now partially grants it.

Sears correctly points out that the ADA incorporates Title VII's venue provision -- 42 U.S.C. § 2000e-5. Specifically, the ADA states that the remedies and procedures "set forth in section 2000e-5 … of this title shall be the powers, remedies, and procedures this subchapter provides … to any person alleging discrimination on the basis of disability…." 42 U.S.C. § 12117(a). *See also In re Horseshoe Entertainment* 337 F.3d 429, 432-33 (5th Cir.), *cert. denied,* 540 U.S. 1049 (2003).

42 U.S.C. § 2000e-5(f)(3) provides that an action may be brought in any judicial district in the State "in which the unlawful employment practice is alleged to have been committed, … in which the employment records relevant to such practice are maintained and administered," or in two other venues not relevant here.[1]

In the case at bar, the allegedly unlawful employment practice (firing Minton after he requested a job accommodation for a disability – his diabetes) was committed in Missouri, since Minton worked for Sears in Missouri.  The Affidavit of Maurice Gritzman (Doc. 6-2) supplied with Sears' motion establishes that Minton worked as the Store Manager at Sears' Jamestown Mall location in Florissant, Missouri and also worked at the Crestwood, Missouri location.[2]  The Gritzman Affidavit further establishes that the large majority of records relating to Minton's employment are stored at Sears' Associate Service Center in Tucker, Georgia, with a few records likely still located at the Crestwood, Missouri and Florissant, Missouri stores.

The Southern District of Illinois is neither the district in which the unlawful employment practice allegedly was committed nor the district in which any relevant employment records are stored.  So the case cannot properly proceed here.

---

[1] The other two venues are the district "in which the aggrieved person would have worked but for the alleged unlawful employment practice" and "if the respondent is not found within any such district, … the judicial district in which the respondent has his principal office."

[2] Both Florissant and Crestwood lie within the judicial district of the U.S. District Court for the Eastern District of Missouri.

28 U.S.C. § 1406(a) directs that a district court where a case is filed with improper venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." If, as here, venue is improper in the District Court where the action was filed, the district court *must* dismiss the suit if it denies transfer. *Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 579 (7th Cir. 1989). Personal jurisdiction over the defendant is not needed for the District Court to transfer the case under § 1406(a). *Id., citing Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962), and *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986).

District Courts enjoy broad discretion in ruling on § 1406(a) transfer motions. For instance, in *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003), the Seventh Circuit noted: "we will not second-guess the decision of a district court judge that is in conformity with established legal principles and … within the range of options from which a reasonable trial judge would select." *Id., quoting Platinum Home Mortgage Corp. v. Platinum Fin. Group*, 149 F.3d 722, 729 (7th Cir. 1998).

Despite this wide latitude, circumstances may exist which weigh in favor of transfer rather than dismissal of a suit based on improper venue. The Seventh Circuit has remarked that although a suit should *not* be dismissed under § 1406 when the mistake in choosing the forum was "easy to commit," dismissal is the "proper penalty" for obvious mistakes made by sophisticated parties represented by counsel. *Continental*, 354 F.3d at 608, *citing Cote,* 796 F.2d at 985.

Similarly, the Seventh Circuit has discouraged dismissing under § 1406 (rather than transferring the case to a district of proper venue) if the statute of limitations has run in the interim. *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)(A "compelling reason" for transfer is that the plaintiff "will be time-barred if his case is dismissed and thus has to be filed anew in the right court."). *See also Goldlawr*, 369 U.S. at 466; *Cote*, 796 F.2d at 984-85.

Minton has <u>not</u> argued that the statute of limitations has expired or that, for any other reason, dismissal will deprive Minton of the right to refile his suit in a District Court of proper venue, and thus the Court should *transfer* the case rather than dismiss it. On the issue of transfer, both parties' briefs focus on § 140<u>4</u>(a). See Doc. 7 at pp. 5-6; Doc. 13, pp. 2-3.[3]

Section 1404(a) authorizes a District Court to transfer a case "for the convenience of the parties and witnesses, in the interest of justice" to a district where it might have been brought originally. But <u>§ 1404</u> transfer may only be ordered if, *inter alia*, venue is proper in both the transferor district and the transferee district. *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Moreover, if the

---

[3] Indeed, Minton's response never mentions § 1406(a) – the provision under which Sears moves for dismissal, along with Federal Rule of Civil Procedure 12(b)(3). Rather than arguing against dismissal under § 1406(a), Minton argues against transfer under 1404(a) – maintaining that the Southern District of Illinois is every bit as convenient a forum as the Eastern District of Missouri.

case was filed in a *proper* venue, the district court lacks the power to transfer the case under § 140<u>6</u>(a). *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 905 (7th Cir. 1999).

The record reveals, and this Court already has concluded, that venue is <u>not</u> proper in this (the transferor) district. Accordingly, § 1404(a) transfer is not available.

The question is whether to dismiss or transfer the case under § 140<u>6</u>(a). Sears seeks transfer to the Eastern District of Missouri only as alternative relief, and Minton has not expressly argued that the "interest of justice" warrants § 1406(a) transfer. But review of the record indicates that the interest of justice tilts the balance in favor of transfer (rather than dismissal) here.

Clearly, the Eastern District of Missouri is an appropriate forum for this case. The allegedly discriminatory acts occurred within that District (plus critical witnesses are located there). Transfer to that District (rather than dismissal here followed by refiling there) will further the goal of expeditious case resolution in the federal court system. Additionally, transfer will avoid any potential statute of limitations obstacles and may obviate the need for Minton to pay a second filing fee.

Put simply, either dismissal or transfer is available under § 1406(a), but the Court finds that transfer is the more appropriate disposition on the particular facts of the case *sub judice*. The Supreme Court has stressed that Congress enacted § 1406(a) to avoid the "injustice which … often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess" as to the correct venue for their case. *Goldlawr*, 369 U.S. at 466.

For all these reasons, the Court **GRANTS in part** and **DENIES in part** Sears' March 6, 2007 motion (Doc. 6).  The motion is <u>denied</u> in that it sought outright dismissal of the case but <u>granted</u> in that it alternatively sought transfer.

Pursuant to 28 U.S.C. § 1406(a), this action is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Missouri.

IT IS SO ORDERED.

DATED this 4th day of April 2007.

<pre>
                              s/ Michael J. Reagan_____
                              MICHAEL J. REAGAN
                              United States District Judge
</pre>